UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| La'Quedrick As-Sidiq, | Civil No. 25-CV-1978 (JWB/SGE) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| Brian Melton and Caitlyn Hurlock, | |
| Defendants. | |

This case is before the Court on Petitioner La'Quedrick As-Sidiq's Complaint for Violation of Civil Rights, (Dkt. 1) ("Petition"); and motion seeking *in forma pauperis* ("IFP") status for purposes of this action, (Dkt. 2) ("IFP Application").[1] For the reasons discussed below, the Court recommends dismissing this action and denying the IFP Application as moot.

In November 2024, authorities in Minnesota's Clay County charged Mr. As-Sidiq with several drug-related offenses. *See* Compl. 1-2, *State v. As-Sidiq*, Minn. Case No. 14-CR-24-3925 (Minn. Dist. Ct. Nov. 5, 2024).[2] He is currently a pretrial detainee at the Clay

---

[1] Mr. As-Sidiq prepared this application on a template form for individuals seeking IFP status for an appeal (Dkt. 2), but the Court construes the IFP Application as seeking IFP status for purposes of these district-court proceedings.

[2] Some documents cited in this Report and Recommendation are not included in this case's docket. But a court may take judicial notice of public records from state-court proceedings. *See, e.g.*, *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (citing *United States v. Eagleboy*, 200 F.3d 1137, 1140 (8th Cir. 1999)); *Moore v. Beltz*, Case no. 25-cv-1077 (MJD/LIB), 2025 WL 1314251, at *1 n.1 (D. Minn. Apr. 3, 2025) (citing cases).

County Correctional Facility ("CCCF") in Moorhead, Minnesota. *See, e.g.*, Compl. 2. No trial date has been set, but the parties have submitted briefing on a motion to dismiss that is currently under advisement. *See* Register of Actions, *State v. As-Sidiq*, Minn. Case No. 14-CR-24-3925 (Minn. Dist. Ct.) ("State-Court Docket"), *available at* https://publicaccess.courts.state.mn.us/CaseSearch (last accessed May 12, 2025).

The Complaint names two defendants: Brian Melton and Caitlyn Hurlock. *See* Compl. 1-2. Both are identified as prosecutors, and though Mr. As-Sidiq does not identify them further, Hurlock appears to be the prosecutor handling Minn. Case No. 14-CR-24-3925, and Brian Melton seems to be the Clay County Attorney. *See* State-Court Docket; Clay County, Staff Directory, *available at* https://claycountymn.gov/directory (last accessed May 12, 2025).

Mr. As-Sidiq raises a variety of claims about his prosecution as well as his experiences in the CCCF. He claims that during an early hearing in his state prosecution, he did not get the benefit of an attorney, and that "the prosecutor" (presumably Ms. Hurlock) "said nothing" of this problem. Compl. 4. The result, he claims, was an excessively high level of bail. *See id.* He argues that the CCCF has denied him certain medication, leading to him experiencing asthma attacks. *See id.* at 5. He also contends that his state prosecution is improper and ultimately based on an illegal search. *See id.* The relief he seeks is unclear, but at the very least, he seeks some sort of compensatory damages. *See id.*

Rather than pay this action's filing fee, Mr. As-Sidiq submitted the IFP Application. Under the federal statute governing IFP proceedings, "notwithstanding any filing fee, or any portion thereof, that may have been paid," a court overseeing an IFP action "shall

2

dismiss the case at any time if the court determines that . . . the action . . . seeks monetary relief against a defendant who is immune from such relief . . . ." 28 U.S.C. § 1915(e)(2)(B)(ii).

This immunity issue arises here because of so-called prosecutorial immunity. Under this doctrine, a prosecutor is absolutely immune in a civil suit for damages under § 1983 for any prosecutorial conduct—in particular, "conducted related to initiating a prosecution and presenting the State's case." *See, e.g.*, *Stockley v. Joyce*, 963 F.3d 809, 817 (8th Cir. 2020) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (cleaned up)); *see also, e.g.*, *Woodworth v. Hulshof*, 891 F.3d 1083, 1089 (8th Cir. 2018) (making same point (citing cases)). The limited allegations that the Complaint has concerning the named defendants suggest that their only link to this action is squarely based on conduct to which prosecutorial immunity attaches.[3]

The Court therefore recommends dismissing the Complaint with prejudice. Given that recommendation, the Court also recommends denying the IFP Application as moot.

## RECOMMENDATION

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

    1.    Petitioner La'Quedrick As-Sidiq's Complaint for Violation of Civil

---

[3] Some of Mr. As-Sidiq's other allegations might support liability against other individuals, had he named them as defendants. (For instance, nothing in the Complaint plausibly suggests any connections between Mr. Melton and Ms. Hurlock and Mr. As-Sidiq's allegations about conditions at the CCCJ.) For present purposes, however, what is key is the Complaint's allegations against the defendants actually named.

  Rights ("Petition")(Dkt. 1) be **DISMISSED WITH PREJUDICE**.

2. Mr. As-Sidiq's Application to Proceed in District Court Without Pre-paying Fees or Costs (Dkt. 2) be **DENIED** as moot.

Dated: May 14, 2025       *s/Shannon G. Elkins*
              SHANNON G. ELKINS
              United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).